HAZOURI, J.
Michael Little appeals his convictions and sentences for throwing a deadly missile into a public or private building and burglary of a structure. He raises four points on appeal. We affirm in all re *306 spects except as to his fourth point concerning a claim of a sentencing error.
Little was sentenced as a habitual offender upon the conviction for burglary of a structure based on felony convictions in 2007 and 1999. Little asserted that the convictions were not his; however, the court overruled his objections and found the convictions were his based upon the written report of a fingerprint examiner, who did not testify. The trial court then imposed a ten-year habitual offender sentence for the burglary of a structure. The state concedes this was error. When Little contested the convictions, the state had the burden of proving that they were his pursuant to Chestnut v. State, 874 So.2d 781 (Fla. 4th DCA 2004), which says:
John Chestnut appeals from the denial of his Motion to Correct Sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) (2001). Chestnut was sentenced to life in prison as a prison releasee reoffender under section 775.082(9)(a)l, Florida Statutes (2001).
During the sentencing hearing, the State presented an affidavit under seal from Joyce Hobbs, records custodian of the Florida Department of Corrections, which certified that she was the department’s records custodian and that Chestnut’s last release date was September 8, 2001, less than three months before the date of the robbery for which he was being sentenced. The state also presented certified copies of three prior convictions along with forms signed by a fingerprint analyst indicating that Chestnut’s fingerprints taken in the instant case matched those on the three prior convictions. Chestnut objects to this proof as insufficient to support his sentencing as a prison releasee reoffen-der. We agree. Without the sworn testimony at the hearing by a fingerprint analyst, the analyses of the fingerprints are hearsay and inadmissible to prove the prior convictions were Chestnut’s.
We therefore remand for a resentenc-ing hearing at which the state will be permitted to present the requisite evidence to support sentencing as a prison releasee reoffender.
Id. at 732 (emphasis supplied).
As in Chestnut, the reports of the fingerprint examiner were not competent to prove the prior convictions were Little’s.
We therefore reverse the habitual offender sentence and remand for a new sentencing hearing with the state having the opportunity to prove the prior convictions.
STEVENSON and GERBER, JJ„-concur.